UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**RYELENE JASMINE, ET. AL.**                    **CIVIL ACTION**

**VERSUS**                                                   **NO. 17-14595**

**NATIONAL CASUALTY CO., ET. AL.**                **SECTION "B"(3)**

## ORDER AND REASONS

Considering Plaintiffs, Ryelene Jasmine, Ariel Dunn, and Jamon Payton's (collectively, "Plaintiffs") "Motion for Remand" (Rec. Doc. 5), Defendants Darrell Bryan, Herb's Express, and National Casualty's Response in Opposition (Rec. Doc. 6), and Defendant and Cross-Claimant Richelle Hamilton's Response in support of remand (Rec. Doc. 7). Also before the Court is Plaintiffs' *Ex Parte* Motion to File Reply (Rec. Doc. 8), and Defendants' Motion for Leave to File Supplemental Opposition (Rec. Doc. 9). For the reasons provided below,

**IT IS ORDERED** that Plaintiffs' Motion for Leave to File Reply (Rec. Doc. 8), and Defendants' Motion for Leave to File Supplemental Opposition (Rec. Doc. 9) are hereby **DISMISSED as Moot**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to remand (Rec. Doc. 5) is **GRANTED** and Civil Action No. 17-14595 shall be remanded to the Civil District Court for the Parish of Orleans, State of Louisiana, the state court from which Civil Action No. 17-14595 originated as Civil Action No. 16-11892.

**FACTS AND BACKGROUND**

The instant controversy arises out of a December 7, 2015, automobile accident between Defendant Darrell Bryan ("Defendant Bryan") and recently joined Defendant Richelle Hamilton ("Defendant Hamilton"). Rec. Docs. 5 and 6. Plaintiffs, Ryelene Jasmine, Ariel Dunn, and Jamon Payton (collectively, "Plaintiffs"), were passengers in Defendant Hamilton's sedan at the time of the accident. The matter was originally filed in the Civil District Court for the Parish of New Orleans. Defendants removed this case on December 5, 2017, alleging that Defendant Hamilton was improperly joined for the purpose of creating diversity. Plaintiffs seek to remand.

**LAW AND ANALYSIS**

"A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction." *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)(citing 28 U.S.C. § 1441(a)).

> The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995); *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993) (per curiam); *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988). To determine whether jurisdiction is present for removal, we consider the claims in the state court petition as they existed at the time of removal. *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995). Any ambiguities are construed against removal

> because the removal statute should be strictly construed in favor of remand. *Acuna v. Brown & Root, Inc.,* 200 F.3d 335, 339 (5th Cir. 2000).

*Id.* "When original federal jurisdiction is based on diversity, however, a defendant may remove only 'if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action as brought.'" *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007)(citing 28 U.S.c. § 1441(b)). Where such a party is joined, the removing party may nevertheless seek to remove on the basis of diversity jurisdiction by demonstrating that the non-diverse party was improperly joined.

"To demonstrate improper joinder of resident defendants, the removing defendants must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Gasch*, 419 F.3d at 281 (internal quotation marks and citations omitted). Under the latter, the threshold question is "whether there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant. The burden of proof is on the removing party." *Id.* Courts resolve "all contested factual issues and ambiguities of state law in favor of the plaintiff." *Id.*

Defendants in this case contend that Plaintiffs "named Richelle Hamilton as defendant solely for the purpose of upsetting

diversity jurisdiction." Rec. Doc. 6 at 3. However, Defendants misunderstand their burden of demonstrating improper joinder. The Fifth Circuit has clearly stated that in order to remove a state law case to federal court there must be complete diversity between the parties. *SGK Properties, L.L.C. v. U.S. Bank Nat'l Ass'n for Lehman Bros.*, 881 F.3d 933, 939 (5th Cir. 2018)("Under 28 U.S.C. § 1332(a), diversity jurisdiction exists where there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000."). While Defendants concede that Defendant Hamilton destroys complete diversity in this case, they argue that her joinder is improper. However, "improper joinder" requires more than a mere suspicion that Plaintiffs prefer to litigate in state court. Defendants do not challenge Defendant Hamilton's joinder as fraud. Rather, Defendants argue that Plaintiffs have no reasonable basis to recover from Defendant Hamilton because Plaintiffs' allege in their deposition testimonies that they did not think Defendant Hamilton was negligent. Rec. Doc. 6 at 5-6. However, this is insufficient to meet the burden for removal.

It is uncontested that Defendant Hamilton was the driver at the time of the automobile accident in controversy. Defendants' attempt to use Plaintiffs' testimony is unconvincing. Plaintiff is not the trier of fact in this case. It is also the usual circumstance in cases such as these, that there is a familiar relationship between a driver and passenger in automobile

accidents. Therefore, Plaintiffs' contentions that they did not "think" Defendant Hamilton could have avoided the accident is not persuasive of Defendant Hamilton's lack of liability for the accident. Additionally, Louisiana is a comparative fault state. La. Civ. Code Ann. art. 2323 ("In any action for damages where a person suffers injury, death, or loss, the degree or percentage of fault of all persons causing or contributing to the injury, death, or loss shall be determined . . . .").

Further, Defendants Bryan, National Casualty, and Herb's Express all argue that Defendant Hamilton was entirely at fault for the accident. Rec. Doc. In fact, Defendants' Answer to Plaintiffs' state court petition provides, *inter alia*, that "[i]t is admitted that Richelle Hamilton improperly changed lanes and caused the accident which is the subject of this litigation." Rec. Doc. 4-1, at 21. As a result, it is unconvincing that they now assert that Plaintiffs have no reasonable possibility of recovery against Defendant Hamilton in their attempt to remove this case to federal court.

New Orleans, Louisiana, this 7th day of April, 2018.

SENIOR UNITED STATES DISTRICT JUDGE